IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RACHEL HARDNETT

    Plaintiff,

v.

POTOMAC HEIGHTS MUTUAL
HOME OWNERS ASSOCIATION,
INC.

    Defendant.

Civil No. **21-3323 PJM**

## MEMORANDUM OPINION

This is a case with troublesome allegations which does not belong in federal court, but which Maryland State Courts, incorrectly in this Court's view, have apparently denied they have jurisdiction over.

The core allegations of the suit are that Decedent Olivia Richardson, a citizen of Maryland, owned property in Charles County, Maryland, which she purportedly purchased for $60,000 but which the Homeowner's Association where the property was located took possession of after her death, allegedly for violations of the Association's by-laws and sold it, <u>without legal process</u>, remitting to Decedent's heir only some $1,500.[1]

When Decedent's Personal Representative sought to challenge the seizure in the Orphan's Court and later the Circuit Court for Charles County, it appears she was told by Judges that those Courts lacked jurisdiction in the matter.

Hence, the heir of the Decedent, Rachel Hardnett, who resides in the District of Columbia, has come to this Court as Plaintiff (not the Personal Representative of the Decedent) naming the Homeowner's Association, a citizen of Maryland, as Defendant. Decedent's heir,

---

[1] The property in question is 9 Delta Place, Indian Head, Charles County, Maryland 20640.

1

Case 8:21-cv-03323-PJM   Document 30   Filed 12/08/22   Page 2 of 4

Case 8:21-cv-03323-PJM   Document 30   Filed 12/08/22   Page 2 of 4

who happens to be the Personal Representative's daughter[2], seeks to challenge the Homeowners Association's actions in federal court based on diversity of citizenship. The Homeowner's Association, inter alia, has argued that the Real Party of Interest in the case is not the Estate's heir but the Estate of the Decedent itself, which is to say its Personal Representative.

The Court finds that the Homeowner's Association is correct in this. A Real Party in Interest in a lawsuit is the person who has the right to sue under the substantive law. See Fed. R. Civ. P. 17. Clearly the estate of the Decedent is the party that has or had the right to sue for the allegedly improper seizure of the Decedent's property. The Decedent, Olivia Richardson, was a citizen and domiciliary of Maryland at the time of her death on November 13, 2020. For diversity purposes, a Personal Representative has the same state of citizenship as the Decedent. 28 U.S.C. § 1332 (c)(2). The Homeowners association, as indicated, is also a citizen of Maryland. Diversity of citizenship for jurisdictional purposes in federal court must be complete. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Since the Real Party in Interest, the Estate of Olivia Richardson, (through its Personal Representative) and Defendant are both citizens of the State of Maryland, diversity of citizenship is incomplete, with the result that there is no jurisdiction over the case in federal court.

Still, the core allegations of the Complaint – the seizure and sale of the Decedent's real property <u>without legal process,</u> followed by an astonishingly small remittance to the heir of only $1,500 against a purchase price of $60,000, are clearly troublesome. While this Court may not be

---

[2] The Court is aware that Counsel for Plaintiff, Sukari Hardnett, is attorney of record and would unquestionably be a witness if this case were heard on the merits. Generally speaking, an advocate should not be a witness in a case. See Maryland Rule of Professional Conduct § 19-303.7. But the Court finds that it would work a substantial hardship on Rachel Hardnett if Personal Representative/Attorney Sukari Hardnett, who is Rachel Hardnett's mother, could not serve as her attorney. See Maryland Rule of Professional Conduct, § 19-303.7 (a)(3). (The Maryland Rules of Professional Conduct apply in the U.S. District Court for the District of Maryland. Local Rule 704 of the U.S. District Court for the District of Maryland.) Therefore, the Court finds no conflict in interest if Sukari Hardnett were to proceed in the case both as Counsel and Personal Representative.

who happens to be the Personal Representative's daughter[2], seeks to challenge the Homeowners Association's actions in federal court based on diversity of citizenship. The Homeowner's Association, inter alia, has argued that the Real Party of Interest in the case is not the Estate's heir but the Estate of the Decedent itself, which is to say its Personal Representative.

The Court finds that the Homeowner's Association is correct in this. A Real Party in Interest in a lawsuit is the person who has the right to sue under the substantive law. See Fed. R. Civ. P. 17. Clearly the estate of the Decedent is the party that has or had the right to sue for the allegedly improper seizure of the Decedent's property. The Decedent, Olivia Richardson, was a citizen and domiciliary of Maryland at the time of her death on November 13, 2020. For diversity purposes, a Personal Representative has the same state of citizenship as the Decedent. 28 U.S.C. § 1332 (c)(2). The Homeowners association, as indicated, is also a citizen of Maryland. Diversity of citizenship for jurisdictional purposes in federal court must be complete. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Since the Real Party in Interest, the Estate of Olivia Richardson, (through its Personal Representative) and Defendant are both citizens of the State of Maryland, diversity of citizenship is incomplete, with the result that there is no jurisdiction over the case in federal court.

Still, the core allegations of the Complaint – the seizure and sale of the Decedent's real property <u>without legal process,</u> followed by an astonishingly small remittance to the heir of only $1,500 against a purchase price of $60,000, are clearly troublesome. While this Court may not be

---

[2] The Court is aware that Counsel for Plaintiff, Sukari Hardnett, is attorney of record and would unquestionably be a witness if this case were heard on the merits. Generally speaking, an advocate should not be a witness in a case. See Maryland Rule of Professional Conduct § 19-303.7. But the Court finds that it would work a substantial hardship on Rachel Hardnett if Personal Representative/Attorney Sukari Hardnett, who is Rachel Hardnett's mother, could not serve as her attorney. See Maryland Rule of Professional Conduct, § 19-303.7 (a)(3). (The Maryland Rules of Professional Conduct apply in the U.S. District Court for the District of Maryland. Local Rule 704 of the U.S. District Court for the District of Maryland.) Therefore, the Court finds no conflict in interest if Sukari Hardnett were to proceed in the case both as Counsel and Personal Representative.

the proper forum, it respectfully submits that either the Charles County Orphans Court or Circuit Court, most likely the latter, has to be. This Court cannot simply remand the case to the Charles County courts, since the suit did not come up from there. On the other hand, the Court respectfully notes that a closed Estate Proceeding before a Maryland Orphans Court or the Register of Wills may always be re-opened, See Estates and Trusts Article, Md. Code Annot. §2-103, and a Circuit Court in Maryland has plenary jurisdiction to decide cases, including disputes pertaining to real property. Courts and Judicial Proceedings Article, Md. Code Annot. § 1-501. The statute of limitations with respect to the state claims asserted here was tolled while the case was in this Court and will remain tolled for 30 days after the case is dismissed. See 28 U.S.C. § 1367 (d); *Artis v. District of Columbia*, 138 S. Ct. 594 (2018). With all respect, if proceedings are renewed before the Charles County Courts, they are strongly urged to re-consider any conclusion that they lack the jurisdiction to act in the matter and to consider further whether any statute of limitations defense that might be asserted was possibly affected by the fact that the courts themselves may have contributed to the quandary the Personal Representative of the Estate finds herself in.[3]

For the forgoing reasons, the Court will **DISMISS** this case **WITHOUT PREJUDICE**. Sukari Hardnett, Personal Representative of the Estate of Olivia Richardson, however, is advised to promptly consult 28 U.S.C. § 1367 with respect to the possible re-filing of this suit in the Circuit Court for Charles County (including the re-opening of the Orphan's Court proceeding, to revive her Letters of Administration as may be necessary).[4]

---

[3] The proceeding before the Orphan's Court for Charles County was No. 20767 and before the Charles County Register of Wills it was Estate Number is 20767. The proceeding before the Charles County Circuit Court was Case No. C-08-cv-17-000402.

[4] It does appear that the Orphans Court lacks jurisdiction to hear disputes relating to title to real property. See *Preissman v. Harmatz* 264 Md. 715, 288 A. 2d 180 (1972); *Duca v. U.S.* 236 F. Supp. 747 (D. Md. 1964). However, as indicated, there appears to be no reason why the Orphans Court cannot re-open its

A separate Order will ISSUE.

December 8, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

proceedings, for example to re-issue Letters of Administration. See Estates and Trusts Article, Md. Code, § 2-103. If indeed the Estate in this case has been closed by the Register of Wills, the Personal Representative may be required to petition the Register to re-open the Estate and obtain new Letters of Administration in order to pursue her claim in the Circuit Court.